## COMMONWEALTH v. TARTAR.

Court of Appeals of Kentucky.

May 4, 1951.

266

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., Hile Pritchard, Commonwealth's Atty., Albany, for appellant.

Fritz Krueger, Somerset, Parker W. Duncan, Monticello, for appellee.

CLAY, Commissioner.

The Commonwealth has asked for a certification of law on the question of whether or not an indictment for misfeasance in office, alleging the failure of a circuit judge to perform a statutory duty, charges a criminal offense. A demurrer to the indictment was sustained.

The indictment sets forth that appellee, acting in his official capacity as circuit judge, wrongfully and corruptly certified to the Clinton Circuit Court Clerk a list of grand jurors, some of whose names had not been drawn from a jury wheel or drum. Though the indictment makes no mention of it, the statute allegedly violated is K.R.S. 29.130, which provides in part as follows: "At each term of circuit court, of circuit courts having terms, the judge shall, in open court, draw from the drum a sufficient number of names to procure the names of twenty-four persons qualified to act as grand jurors, record the names of the twenty-four qualified upon paper, certify and sign it.".

Admittedly the failure to comply with this law is not made a statutory offense. The Commonwealth contends, however, that the facts alleged in the indictment constitute the common law offense of misfeasance in office. No authority is cited in support of this proposition, but the argument is made that it is contrary to public policy to permit judicial officers willfully to disregard the mandatory provisions of statutes which set forth their duties.

While neglect of duty by public officers is not to be condoned, we believe the common law recognized that in order to maintain the independence of the judiciary, judges acting in their official capacities should be protected from harrassment by either civil suits or criminal prosecutions. An ancient rule, quoted in Yates v. Lansing, 9 Johns. 395, 6 Am.Dec. 290, 300, is as follows: "* * * the law has freed the judges of all the courts of record from all prosecutions whatsoever, except in parliament for anything done by them openly in such courts as judges."

In 48 C.J.S., Judges, § 71, we find the following: "The rule of the common law exempting a judge from indictment for any act done or omitted to be done when sitting as a judge still prevails, except as far as it has been changed by particular statutes or by some constitutional provision."

In Re New Jersey State Bar Ass'n, 1933, 114 N.J.Eq. 261, 168 A. 794, at page 795, while discussing the office of Vice Chancellor, the Court said: "* * * since he holds a civil office under the government, he is subject to impeachment and not judicial inquisition at the instance of other civil officers of the government."

See also Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646, and Mundy v. McDonald, 216 Mich. 444, 185 N.W. 877, 20 A.L. R. 398.

We believe the authorities are generally in agreement that misfeasance of a judicial officer, acting in his official capacity, did not constitute a criminal offense under the common law. The reasons for such rule are sound, since otherwise judges might be unduly burdened defending charges instigated by other governmental officers or aggrieved members of the public.

The Constitution (Section 68), and the statute (K.R.S. 63.030), provide for the impeachment of officers, which would include judges, and we feel that such remedy sufficiently protects the public interest; and in the absence of other constitutional or statutory provisions, this method of attack must be considered exclusive.

The lower Court properly sustained a demurrer to the indictment, and the law is so certified.