Accordingly, defendant's motion for summary judgment will be granted.

Walter STRAWBRIDGE

v.

Honorable Michael J. BEDNARIK.

Civ. A. No. 78–2470.

United States District Court,
E. D. Pennsylvania.

Nov. 22, 1978.

Walter Strawbridge, pro se.

Jonathan Vipond, III, Kathleen M. Quinn, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The defendant, the Honorable Michael J. Bednarek, Judge of the Municipal Court of Philadelphia, Pennsylvania, has filed a motion to dismiss plaintiff's Complaint in this pro se action on the ground that the Complaint fails to state a claim upon which relief can be granted because the defendant is immune from suit for his judicial acts pursuant to the doctrine of judicial immunity.[1] For the reasons stated herein, the Complaint will be dismissed.

---

1. Although defendant, in his memorandum of law in support of his motion to dismiss, also raises technical objections to the Complaint in that plaintiff premises this Court's jurisdiction directly on the Fourteenth Amendment and in that plaintiff does not request any specific relief from the Court, defendant bases his present motion to dismiss only on the doctrine of judicial immunity.

The defendant is designated in the caption as "Honorable Michael J. Bednarik (*sic*)" and the address given is that of the Municipal Court of Philadelphia. In paragraph 1 of his three-paragraph Complaint, the plaintiff alleges that the defendant violated his civil rights "at a hearing in the Philadelphia Municipal Court, Room 196, City Hall, Philadelphia, Pennsylvania on July 17, 1978, in the matter of WALTER STRAWBRIDGE v. NATHAN HARDY, a/k/a Nathaniel Hardy; Claim No. SC–78 02830." In paragraph 3 of his Complaint, plaintiff alleges that the defendant violated his civil rights "when he failed to review and/or acknowledge plaintiff's evidence as submitted to the defendant's court as documented proof to verify and disprove charges of distrust made against the plaintiff . . . . [A] charge of collusion and/or bribery by the defendant against the plaintiff is herein made also." Furthermore, in his memorandum submitted to the Court, plaintiff states that his civil rights were violated by Judge Bednarek

in his refusal to allow and accept legal receipts of plaintiff as opposed to the extinct copies of receipts presented by defendant (and accepted by the judge) to show that plaintiff had no legal evidence of payment of certain monies. Plaintiff's receipts would have invalidated defendant's receipts and maker of plaintiff's receipts is prepared to swear of (*sic*) plaintiff's valid receipts which the judge refused to accept. No challenge is made of judge's immunity but rather his error in denying equal protection of law by both defendant and plaintiff: the denial of evidence of plaintiff but acceptance of evidence (extinct) by defendant.

■ On a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations of the Complaint must be viewed in the light most favorable to the plaintiff. When viewed in the light most favorable to the plaintiff, the plaintiff's allegations are that his constitutional rights were violated by Judge Bednarek at a hearing in Philadelphia Municipal Court on July 17, 1978 at a trial of a civil case in that Judge Bednarek, as a result of collusion and/or bribery, refused to accept certain evidence presented by the plaintiff.

In the recent case of *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978), the Supreme Court stated as follows:

The governing principle of law is well established and is not questioned by the parties. As early as 1872, the Court recognized that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher, supra,* 13 Wall. 335 at 347, 20 L.Ed. 646. For that reason, the Court held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." 13 Wall., at 351. Later we held that this doctrine of judicial immunity was applicable in suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the legislative record gave no indication that Congress intended to abolish this long-established principle. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). (Footnotes omitted).

■ In view of the allegations set forth by the plaintiff in his Complaint that Judge Bednarek's alleged violation of plaintiff's civil rights took place at a hearing in Philadelphia Municipal Court and that the alleged violation consisted of Judge Bednarek's making an evidentiary ruling in the trial of a civil matter, the doctrine of judicial immunity is applicable. This is so even where, as here, there is an allegation that the judicial ruling came about as the result of collusion and/or bribery.[2]

This immunity applies even when the judge is accused of acting maliciously and corrupt-

2. In *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Court stated:

The doctrine of judicial immunity does not render judges immune to criminal proceedings in the event they are charged with the commission of a crime. Judicial immunity is applicable only to civil actions for judicial acts. This is a civil action complaining about civil acts. Accordingly, an Order will be entered dismissing the Complaint.

---

ly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher*, supra, 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. *Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.*