**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Honorable Alcee L. HASTINGS,
Defendant-Appellant.**

**In re The Honorable Alcee L. HASTINGS, United States District Judge In and For The SOUTHERN DISTRICT OF FLORIDA, Petitioner.**

**Nos. 82–5262, 82–5715.**

United States Court of Appeals,
Eleventh Circuit.

July 12, 1982.

Rehearing and Rehearing En Banc
Denied Sept. 22, 1982.

Robert Richter, Dept. of Justice, Crim. Div., Washington, D. C., for plaintiff-appellee.

Stephen T. Maher, Andrew L. Gordon, Miami, Fla., amicus curiae, for ACLU Foundation of Fla., Inc.

Before VANCE and ANDERSON, Circuit Judges, and ALLGOOD *, District Judge.

VANCE, Circuit Judge:

In this case we are asked to decide whether an active federal judge can be subject to federal criminal prosecution for acts involving the exercise of his judicial authority. Appellant and petitioner in this case, Alcee L. Hastings, has served as a federal judge for the United States District Court for the Southern District of Florida since 1979.[1] On December 29, 1981 the federal grand jury in the southern district of Florida returned a four-count indictment against Hastings and William A. Borders, Jr. The indictment alleges that Hastings and Borders, an attorney from Washington, D. C., solicited and accepted a bribe from an undercover agent who was posing as a criminal defendant in a case that had been before Judge Hastings. The bribe was allegedly given in return for Hastings' agreement to reduce that defendant's prison sentence and to revoke an order that the defendant forfeit certain property. Hastings is charged in two counts of the indictment with conspiracy and obstruction of justice.[2]

The trial of Hastings and his codefendant, Borders, was scheduled to commence on March 22, 1982. On February 1, 1982, however, Hastings moved to quash the in-

Terence J. Anderson, University of Miami, School of Law, Coral Gables, Fla., Robert S. Catz, Cleveland-Marshall College of Law, Cleveland State Univ., Cleveland, Ohio, for defendant-appellant.

---

* Honorable Clarence W. Allgood, U. S. District Judge for the Northern District of Alabama, sitting by designation.

1. Judge Hastings was sworn into office on November 13, 1979.

2. Specifically, appellant is charged with conspiracy to solicit and accept money in return for unlawful influence in the performance of lawful government functions in violation of 18 U.S.C. § 371, and with corruptly impeding due administration of justice in violation of 18 U.S.C. §§ 2 and 1503.

We note that appellant has voluntarily removed himself from his normal duties as judge during the pendency of the trial.

dictment. He argued that a federal district court does not have jurisdiction over the criminal prosecution of an active federal judge before he is removed from office through the impeachment process. The trial judge denied the motion on February 17, 1982.[3]

Hastings filed an interlocutory appeal of the district court's order with this court. In order to ensure that the court of appeals had jurisdiction to hear the issues raised in the interlocutory appeal, Hastings also filed an application for writs of mandamus and prohibition with this court on June 17, 1982. We have consolidated the appeal and the application in this case. For reasons that appear below, we conclude that this court has jurisdiction to hear the interlocutory appeal and we therefore deny the application for writs without further discussion. See Helstoski v. Meanor, 442 U.S. 500, 506, 99 S.Ct. 2445, 2448, 61 L.Ed.2d 30 (1979); United States v. Denson, 603 F.2d 1143, 1147 n.2 (5th Cir. 1979) (en banc); National Equipment Rental, Ltd. v. Mercury Typesetting Co., 323 F.2d 784, 786 (2d Cir. 1963). We also conclude that the district court properly denied Hastings' motion to quash the indictment.

I. Jurisdiction of the Court of Appeals

■ As an initial matter, the government challenges our jurisdiction to hear this interlocutory appeal. Courts will hear a non-certified interlocutory appeal only if the subject of the appeal is a collateral matter that could not be reviewed effectively on appeal from final judgment. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court has held that an interlocutory appeal from the denial of a motion to quash an indictment comes within the Cohen exception to the final judgment rule only when the right asserted by the criminal defendant would be irreparably lost if he were forced to undergo trial. E.g., Helstoski v. Meanor, 442 U.S. at 506–08, 99

S.Ct. at 2448–49 (interlocutory appeal on speech or debate clause grounds permissible); Abney v. United States, 431 U.S. 651, 660–62, 97 S.Ct. 2034, 2040–41, 52 L.Ed.2d 651 (1977) (interlocutory appeal on double jeopardy grounds permissible); see United States v. MacDonald, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978) (interlocutory appeal on speedy trial grounds not allowed); United States v. Gregory, 656 F.2d 1132, 1134–35 (5th Cir. 1981) (interlocutory appeal on vindictive prosecution grounds not allowed).

In this case, appellant contends that as an active federal judge he has an absolute right not to be tried in a federal court unless and until he is impeached and convicted by Congress. Like the right secured by the speech or debate clause in Helstoski or the right secured by the double jeopardy clause in Abney, the right asserted by Hastings is the freedom from the obligation to endure a criminal trial which would be wholly deprived of meaning if he were forced to undergo trial before he could assert it. See United States v. Brizendine, 659 F.2d 215, 219 (D.C.Cir.1981).

The government seeks to distinguish Abney and Helstoski on the ground that the rights asserted in those cases were based upon specific provisions in the Constitution while the right asserted by Hastings is based upon general principles of separation of powers. The government argues, in effect, that unless the right asserted by the criminal defendant is one that has a positive and well established basis in the law, the court of appeals should not exercise jurisdiction over the interlocutory appeal.

We do not accept the government's argument. Even though this appeal involves rights not heretofore recognized in our jurisprudence, the assertion of those rights involves significant issues of interbranch comity and separation of powers, the resolution of which is at least the subject of fair

---

3. On March 2, 1982 the district court granted the motion of appellant's codefendant, Borders, for change of venue to the northern district of Georgia. Borders was convicted after trial by jury on May 7, 1982. He has appealed his conviction to this court. No. 82–8302 (appeal docketed May 20, 1982). The venue for the trial of appellant remains in the southern district of Florida.

debate. *See United States v. Myers*, 635 F.2d 932, 935–36 (2d Cir.) (congressman may challenge prosecution on separation of powers grounds on interlocutory appeal), *cert. denied*, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980).[4] These issues have yet to be resolved definitively by the Supreme Court or by this circuit. *Cf. Fountain v. Metropolitan Atlanta Rapid Transit Authority*, 678 F.2d 1038, 1042 (11th Cir. 1982) (claim based upon federal law is not frivolous where, *inter alia*, no controlling authority negates the claim).

■ For these reasons, we believe it is both necessary and appropriate for this court to consider the existence of Hastings' asserted right to be free from prosecution before that assertion is rendered meaningless by the impending trial.[5]

## II. *The Motion to Quash the Indictment*

Appellant's motion to quash the indictment rests upon two contentions: first, that Congress has the exclusive primary jurisdiction to try and punish a federal judge for high crimes and misdemeanors through the impeachment process;[6] and second, that the principle of separation of powers prohibits the executive branch from seeking to prosecute an active federal judge for acts committed in his official capacity.

This Republic is fortunate that in its long history the federal courts have had only one previous occasion to address the constitutional problems posed by the criminal prosecution of a federal judge.[7] On that occasion, the United States Court of Appeals for the Seventh Circuit decided that contentions similar to those made by appellant here were without merit. *United States v. Isaacs*, 493 F.2d 1124 (7th Cir.), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974). We are persuaded that *Isaacs* contains the correct statement of the law.

Appellant's first contention is based upon the literal language of article I, § 3, cl. 7 of the Constitution:

> Judgment in cases of impeachment shall not extend further than to removal from office, and disqualification to hold and enjoy any office of honor, trust, or profit under the United States; but the party

---

4. We also note that under the procedure in *United States v. Dunbar*, 611 F.2d 985, 987–89 (5th Cir. 1980) (en banc), the trial court could have determined that the issues raised by Hastings were frivolous and then proceeded to trial without awaiting the determination of the court of appeals. Instead, the trial judge gave serious consideration to the legal points raised by the motion and has refrained from commencing trial pending the outcome of this appeal.

5. We do not decide in this case whether the assertion of a right of freedom from the obligation to endure criminal trial which involves issues of lesser constitutional magnitude or which has a less tenable basis in existing law would warrant an interlocutory appeal. *See United States v. Myers*, 635 F.2d 932, 936 (2d Cir.) (balancing weight of right asserted against traditional concerns of judicial efficiency which prohibit interlocutory appeals), *cert. denied*, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980).

6. Under the impeachment articles of the Constitution, all civil officers of the United States are subject to impeachment. Art. II, § 4. It is beyond question that federal judges are included within the term "civil officers." Congressional Research Service, The Constitution of the United States of America: Analysis and Interpretation, S.Doc.No.92–82, 92nd Cong., 2d

Sess. 574–75 (1973) (hereinafter "Annotated Constitution").

7. In addition to this case, there have been three other instances of criminal proceedings brought against active federal judges. Judge Francis Winslow of the southern district of New York was indicted in 1929 and resigned before trial commenced. Judge John Warren Davis of the third circuit court of appeals was indicted and stood trial twice before resigning in 1941. Neither of these men claimed that they were immune from criminal prosecution prior to impeachment. J. Borkin, *The Corrupt Judge*, 255–56 (1962). Finally, Judge Otto Kerner of the seventh circuit was indicted, tried, and convicted for crimes that he committed before he became a judge. He unsuccessfully raised the immunity issue in the direct appeal from his conviction. *United States v. Isaacs*, 493 F.2d 1124 (7th Cir.), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974). *See* discussion in text *infra*.

Two federal judges were the subjects of criminal investigation but resigned before formal indictment. J. Borkin, *supra* at 23, 97. Nine federal judges have been impeached and brought to trial before the Senate. Annotated Constitution, *supra* note 6 at 574 n.10.

convicted shall, nevertheless, be liable and subject to indictment, trial, judgment, and punishment, according to law. According to appellant, this clause creates a constitutionally mandated sequence for the prosecution of a federal judge: first, Congress must act to remove him from office, and only then can the article III courts subject him to "trial, judgment and punishment, according to law."

■ We find no merit in appellant's argument. Rather, we agree with the seventh circuit that this portion of section 3 was intended "to assure that after impeachment a trial on criminal charges is not foreclosed by the principle of double jeopardy." *United States v. Isaacs*, 493 F.2d at 1142.[8] Read in this light, section 3 represents an attempt by the framers to anticipate and respond to questions that might arise regarding the procedural rights of the accused during the impeachment process.

Like article III, § 2, cl. 3 which provides that the right to trial by jury does not extend to impeachment proceedings,[9] section 3 serves to clarify the rights of civil officers accused of high crimes and misdemeanors, not to limit the jurisdiction of article III courts.[10]

Appellant's second argument relies upon the principle of separation of powers. He contends that the courts would be subject to intolerable pressure from the executive if executive officers were allowed to prosecute active federal judges for acts involving the exercise of their judicial power.[11]

Appellant is of course correct that the independence of the judiciary from external pressures is a highly valued element of our constitutional system. *United States v. Will*, 449 U.S. 200, 217–18, 101 S.Ct. 471, 482, 66 L.Ed.2d 392 (1980). That independence is already protected by *specific* provisions in the Constitution.[12] *See, e.g.*, art. I,

**8.** *See also* E. Corwin, The Constitution 16 (H. Chase and C. Ducat 14th ed. 1978); I R. Foster, *Commentaries on the Constitution* 505 (1895). In this respect the framers departed from English practice in which impeachment was a criminal proceeding to which "jeopardy of life or limb" attached. *See* R. Berger, *Impeachment: The Constitutional Problem* 80 (1973).

**9.** The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the State where the said crimes shall have been committed; but when not committed within any State, the trial shall be at such place or places as the Congress may by law have directed.
Art. III, § 2, cl. 3.

**10.** Appellant's argument taken to an extreme would also prohibit officers of the executive branch from seeking to prosecute a member of Congress. *See* discussion in *United States v. Isaacs*, 493 F.2d 1124, 1144 (7th Cir.), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974). By parody of reasoning, a congressman might argue that since the Constitution provides that each house of Congress may expel a member by two-thirds vote, article I, § 5, cl. 2, a congressman cannot be indicted or tried until he is expelled. It is, of course, too late in the constitutional day to accept such a proposition. *United States v. Brewster*, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972); *United States v. Diggs*, 613 F.2d 988 (D.C.Cir. 1979), *cert. denied*, 446 U.S. 982, 100 S.Ct. 2916, 64 L.Ed.2d 838 (1980).

Hastings also argues that a criminal conviction would be tantamount to removal from office. Since only Congress can remove a federal judge from office, he contends that a criminal trial is improper. This argument is meritless because it is based upon the false premise that conviction is equivalent to removal from office. *See Chandler v. Judicial Council of the Tenth Circuit*, 398 U.S. 74, 141–42, 90 S.Ct. 1648, 1682–83, 26 L.Ed.2d 100 (1970) (Black, J., dissenting); *Burton v. United States*, 202 U.S. 344, 369, 26 S.Ct. 688, 694, 50 L.Ed. 1057 (1906).

**11.** We recognize that Hastings' second argument does not apply with equal force to the conspiracy count of the indictment since that count does not necessarily involve acts in his judicial capacity. *See Braatelien v. United States*, 147 F.2d 888, 895 (8th Cir. 1945).

**12.** Article III provides for the establishment of a court system as one of the separate but coordinate branches of the National Government. . . . These courts are presided over by judges appointed for life, subject only to removal by impeachment. Their compensation cannot be diminished during their continuance in office. The provisions of Article III were designed to give judges maximum freedom from possible coercion or influence by the executive or legislative branches of the Government.
*United States ex rel. Toth v. Quarles*, 350 U.S. 11, 15–16, 76 S.Ct. 1, 4–5, 100 L.Ed. 8 (1955). *See also United States v. Isaacs*, 493 F.2d 1124, 1144 (7th Cir.), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974):

§ 6, cl. 2 (incompatibility clause); [13] art. III, § 1 (life tenure clause) [14] (compensation clause).[15] Additionally, judges enjoy the same protection as do all citizens from vindictive prosecution by officers of the executive branch. *See United States v. Johnson*, 577 F.2d 1304, 1307 (5th Cir. 1978).[16] We are not persuaded that the proposed rule of absolute judicial immunity from federal criminal prosecution is a necessary complement to the Constitution's explicit protections.[17] Indeed, the miniscule increment in judicial independence that might be derived from the proposed rule would be outweighed by the tremendous harm that the rule would cause to another treasured value of our constitutional system: no man in this country is so high that he is above the law. "It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy." *United States v. Lee*, 106 U.S. 196, 220, 1 S.Ct. 240, 261, 27 L.Ed. 171 (1882). A judge no less than any other man is subject to the processes of the criminal law. *United States v. Isaacs*, 493 F.2d at 1133; *see Dennis v. Sparks*, 449 U.S. 24, 28 n.5, 101 S.Ct. 183, 187 n.5, 66 L.Ed.2d 185 (1980); *Imbler v. Pachtman*, 424 U.S. 409, 429, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976); *O'Shea v. Littleton*, 414 U.S. 488, 503, 94 S.Ct. 669, 679, 38 L.Ed.2d 674 (1974).[18]

> With co-equal branches of government, the potential of abuse by any one of them is inherent. However, the system of checks and balances, a free press, and public resentment toward any attempted domination all work to preserve the guaranteed independence of each branch.

**13.** No Senator or Representative shall, during the time for which he was elected, be appointed to any civil office under the authority of the United States, which shall have been created, or the emoluments whereof shall have been increased during such time; and no person holding any office under the United States shall be a member of either House during his continuance in office.
Art. I, § 6, cl. 2.

**14.** The judges, both of the Supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services a compensation which shall not be diminished during their continuance in office.
Art. III, § 1.

**15.** See note 14, *supra*. *See generally United States v. Will*, 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980).

**16.** The district court noted that "the record is totally devoid of any evidence whatsoever to support an allegation that the government's motivation in bringing these criminal charges was vindictive or retaliatory."

**17.** In addition to the specific safeguards contained in the Constitution, federal and state judges enjoy an absolute common law immunity from *civil* liability for acts committed in their official capacities. *See Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). This immunity is premised upon a calculation that the public benefit derived from the judicial independence created by the immunity outweighs the sacrifice suffered by aggrieved individuals who are deprived of their civil remedies. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 349, 20 L.Ed. 646 (1872); *accord, Pierson v. Ray*, 386 U.S. at 554, 87 S.Ct. at 1217–18. This calculation does not operate to create absolute immunity for judges from criminal prosecution. *See O'Shea v. Littleton*, 414 U.S. 488, 503, 94 S.Ct. 669, 679–80, 38 L.Ed.2d 674 (1974). A criminal proceeding, unlike a civil action, is not brought to vindicate an individual interest, but rather the public interest in law enforcement. The rule of absolute immunity from criminal prosecution of active federal judges for acts committed in their official capacities poses too great a threat to the public interest in the rule of law to be adopted by this court. *See* discussion in text *infra*. *Cf. Dennis v. Sparks*, 449 U.S. 24, 28 n.5, 101 S.Ct. 183, 187 n.5, 66 L.Ed.2d 185 (1980) (state judge who is immune from civil liability is not immune from criminal liability).

We note that this is not a case in which a judge is prosecuted for acts in his official capacity undertaken in good faith. In such a case, there may exist a common law immunity from criminal prosecution. *See Braatelien v. United States*, 147 F.2d 888, 895 (8th Cir. 1945); *Commonwealth v. Tartar*, 239 S.W.2d 265, 266 (Ky.App.1951). The existence of this limited immunity would further counsel against the creation of the absolute immunity urged by Hastings.

**18.** *See also Chandler v. Judicial Council of the Tenth Circuit*, 398 U.S. 74, 140, 90 S.Ct. 1648, 1682, 26 L.Ed.2d 100 (1970) (Douglas, J., dissenting); *id.* at 141–42, 90 S.Ct. at 1682–83 (Black, J., dissenting); *Braatelien v. United States*, 147 F.2d 888, 895 (8th Cir. 1945); *Strawbridge v. Bednarik*, 460 F.Supp. 1171,

We decide today only that appellant may be prosecuted under the instant federal indictment.[19] We conclude that the district court was correct in denying appellant's motion to quash that indictment.[20] We therefore affirm the district court's order and deny the petition for writs. Let the mandate issue forthwith.

The interlocutory order of the district court is AFFIRMED; the petition for writs of mandamus and prohibition is DENIED.

---

1173 (E.D.Pa.1978); *Shore v. Howard*, 414 F.Supp. 379, 385 (N.D.Tex.1976).

19. We do not address whether or under what circumstances an extended sentence of imprisonment might approach in substance removal from office.

20. Hastings makes an additional argument that the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, 28 U.S.C. § 372, includes a determination by Congress that active federal judges may not be prosecuted by officers of the executive. We find this argument to be totally devoid of merit. We similarly fail to find any merit in his argument that judges of the federal courts are incapable of treating his case in an impartial fashion.