CLAIBORNE, UNITED STATES DISTRICT JUDGE *v.*
UNITED STATES

No. A-725.   Decided March 12, 1984

JUSTICE REHNQUIST, Circuit Justice

Harry Eugene Claiborne, the applicant, is a sitting United States Judge in the District Court for the District of Nevada. In December 1983, he was indicted for violations of 18 U. S. C. § 201(c) and 18 U. S. C. § 1343.   His contentions that a sitting federal judge may not be criminally prosecuted before being removed from office by impeachment, and that the Government prosecuted him in order to punish him for decisions made as a federal judge, were rejected by the Court of Appeals for the Ninth Circuit.   He requests that I stay the criminal proceedings against him, scheduled to commence today, in order that this Court may review these determinations.

The first contention—that a federal judge may not be indicted and tried for a criminal offense until he is first impeached and convicted by Congress—has been rejected not only by the Court of Appeals in this case but also by the only two other Courts of Appeals to consider the question. *United States* v. *Hastings,* 681 F. 2d 706 (CA5 1982); *United States* v. *Isaacs,* 493 F. 2d 1124 (CA7 1974).   This Court denied certiorari in both *Hastings,* 459 U. S. 1203 (1983), and *Isaacs,* 417 U. S. 976 (1974).

Applicant's second claim appears to be a species of "vindictive" or "selective" prosecution, and the fact that he is a sitting federal judge does not seem to me to remove the claim from the principles most recently discussed in *United States* v. *Hollywood Motor Car Co.*, 458 U. S. 263 (1982). I think the Court of Appeals was correct in concluding that the denial of relief on this claim by the District Court was not immediately appealable under the "collateral order" doctrine.

Applicant finally contends that because the first of his claims was appealable under the collateral-order doctrine, the District Court lost jurisdiction to determine other pretrial matters pending resolution of the appeal by the Court of Appeals. The Court of Appeals applied the dual-jurisdiction approach set forth in *United States* v. *Dunbar*, 611 F. 2d 985 (CA5), cert. denied, 447 U. S. 926 (1980), and rejected this claim.

I do not believe that four Justices of this Court would vote to grant certiorari to review any one of these claims at the present stage of this litigation, and I therefore deny the application.